**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMY TAHIR, | No. 07-74943 |
| Petitioner, | Agency No. A095-635-866 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010**

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Jimmy Tahir, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

The agency denied Tahir's asylum application claim as time barred. Tahir does not challenge this finding in his opening brief.

Substantial evidence supports the agency's denial of CAT relief because Tahir failed to establish it is more likely than not he will be tortured if returned to Indonesia. *See id*. at 1067-68.

Substantial evidence also supports the agency's finding that Tahir did not suffer past persecution because the three incidents when fireworks were set outside his home and the one bomb threat against his church, considered individually or cumulatively, do not constitute persecution. *See id*. at 1059-60. Moreover, the record also does not compel the conclusion that Tahir demonstrated a pattern or practice of persecution against Christians in Indonesia. *See id*. at 1060-62.

However, the agency found Tahir failed to demonstrate a clear probability of persecution on account of his Christian religion based on what occurred to him. In reaching this conclusion, the agency did not apply the disfavored group analysis. In light of our intervening decision in *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010), we remand for the agency to assess Tahir's withholding of removal

claim under the disfavored group analysis in the first instance. *See Wakkary*, 558

F.3d at 1067; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**